HUBBART, Judge
(concurring).
I concur in the opinion and judgment of the court, but write separately to agree, as well, with Judge Cope’s concurring opinion. Clearly, L.A.T.’s loud and profane words under the circumstances of this case (1) did not inflict injury or tend to incite an immediate breach of the peace, and (2) did not falsely report some physical hazard so as to create a clear and present danger of bodily harm to others. Because these are the only two circumstances in which one may, consistent with the First Amendment, be found guilty of disorderly conduct under Section 877.03, Florida Statutes (1991), State v. Saunders, 339 So.2d 641 (Fla.1976), L.A.T.’s delinquency adjudication for disorderly conduct must be reversed.
On this record, L.A.T.’s words were constitutionally protected by the First Amendment for the reasons stated in the court’s opinion — although, as Judge Cope correctly observes, a different case would be presented if L.A.T. had physically interfered with the police officers in their arrest of L.A.T.’s companion or had screamed with such volume as to interfere with the officers’ ability to communicate with one another, with witnesses, or with the arrestee. In that event, L.A.T. could properly be found guilty of violating Section 843.02, Florida Statutes (1991), as nothing in the First Amendment protects a person who, under the guise of verbally protesting another’s arrest, interferes with a police officer’s lawful arrest of a third party.